38444, 38445. MURRAY COUNTY v. CALFEE; and vice versa.

HILL, Presiding Justice.

On August 27, 1981, Murray County filed a complaint seeking injunctive relief against George Calfee in the Superior Court of Whitfield County. Calfee, a Whitfield County resident, owns land in Murray County. Murray County alleged that Calfee had sold lots for residential purposes without complying with its regulations applicable to subdivisions, and that he intended to continue to do so. Following a hearing, the trial court denied the county's application for a permanent injunction. The county appeals and Calfee cross appeals.

1. Pursuant to the authority granted by Code Ann. § 69-1214 et seq., Murray County adopted subdivision regulations in 1967. The relevant section of the regulations was amended on May 8, 1981. Because the county seeks injunctive relief, only the regulations as amended need be considered. The Murray County regulations govern all "subdivision" of land in the county. The word "subdivision" is then defined as follows: "The division of a tract or parcel of land into two (2) or more lots, building sites, or other divisions for the purpose, whether immediate or future, of sale, legacy, or building devel opment, and includes all division of land involving a new street or a change in existing streets . . . provided, however, that the following are not included within this definition: . . . b. the division of land into parcels of five (5) acres or more where no new street is involved. . . . f. The division of lands into parcels of two acres or more which abut on existing approved private or public street[s]." Since the lots Calfee is selling do not abut an existing "private or public street," subsection (f) has no application here.[1]

The regulations also contain the following definitions of rights-of-way: "a. *Public Road or Street* — A right-of-way arising by purchase, dedication, or public use which is maintained by a government entity or agency thereof; accessible to, supported and shared by all members of the public. b. *Private Road or Street* — A right-of-way serving two or more properties and which meets all

---

[1] We note that although the certified subdivision regulations booklet which is included in the record shows that subsection (b) was amended on May 8, 1981, to reduce the size of exempted lots from five to two acres, the separate certified copy of the amendments included in the record shows no amendment to subsection (b) but does show the addition of subsection (f), which is not included in the booklet. In the text we have accepted the separate certified amendment. Since only lots of over five acres are involved here, the trial court was correct whether or not subsection (b) was amended.

required design standards of a public road as described in [the regulations], but for purposes of controlled access or privacy is not dedicated to public use. . . . c. *Easement* — A grant by a property owner for the use of a strip of land for the purpose of providing incidental vehicular access of a private nature, or constructing and maintaining utilities; including but not limited to sanitary sewers [etc]."

The trial court found, and the parties agree, that Calfee has sold lots of five acres or more (not abutting a street), and that at least some of the deeds include the "right to go over, under, along, and across a 40-foot roadway easement." The trial court concluded that since no "new street" but merely an "easement," as both are defined in the regulations, was involved, Calfee is not subject to the regulations.

The county contends that because its regulations provide that "Every lot hereafter established for the purposes of residential, commercial, industrial, or other forms of development shall front or abut on a public or private street or road . . .," Calfee cannot sell lots without providing streets. But this overlooks the fact that "division of land into parcels of five (5) acres or more where no new street is involved" is not "subdivision" subject to the regulations. The trial court's order denying injunctive relief is affirmed.

2. Calfee's cross appeal is therefore moot.

*Judgment in Case No. 38444 affirmed. Appeal in Case No. 38445 dismissed as moot. All the Justices concur.*

DECIDED APRIL 7, 1982.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips,* for appellant.
*William W. Keith III,* for appellee.